# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHNATHAN W. DOMINY**
**United States Army, Appellant**

ARMY 20120365

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Colonel Edward K. Lawson IV, Staff Judge Advocate (recommendation)
Lieutenant Colonel Oren H. McKnelly, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Kevin F. Sweeney, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Major James A. Ewing, JA (on brief).

17 May 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial, convicted appellant, pursuant to his plea, of absence without leave terminated by apprehension in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant assigns errors complaining of excessive post-trial delay and staff judge advocate failure to properly address allegation of same in his addendum to the staff judge advocate's recommendation. He also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Though we do not find any actual prejudice

to the appellant, we agree that the excessive post-trial delay in the processing of this case, in combination with the staff judge advocate's failure to properly address appellant's complaint about that delay in his post-trial matters, warrants relief.

The parties agree that the government took 203 days to process this case from sentence to action, which amounts to 83 days beyond the point where we presume unreasonable delay in post-trial processing. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Though we find no prejudice as a result of the excessive delay, the court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). We appreciate the government offering an explanation for the delay by way of affidavit before this court; however, under the circumstances of this case, where no such explanation was offered at the time of action, where appellant complained of such delay in post-trial submissions, where the staff judge advocate failed to properly address the matter in his addendum, where appellant enjoyed no benefit such as deferral or waiver of automatic forfeitures, and where the government attestation does not justify taking more than 120 days to process a 91 page record of a special court-martial involving one charge and one specification of no great complication, relief is warranted. *See Moreno*, 63 M.J. at 137; *Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court